UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| In Re: | Case Number 25-10493-KB |
|---|---|
| Lisa Earlene Ricard | Chapter 13 |

**(RENEWED) OBJECTION OF U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS OWNER TRUSTEE OF CITIGROUP MORTGAGE LOAN TRUST 2020-RP2 TO DEBTOR'S AMENDED CHAPTER 13 PLAN**

Now comes U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2020-RP2 ("Secured Creditor") and hereby files this Renewed Objection to the Debtor's Amended Chapter 13 Plan.  As grounds for said Objection, Secured Creditor states the following:

1.   Secured Creditor is/was the holder of a mortgage encumbering the property located at *343 Charles Bancroft Highway, Litchfield, NH 03052* (the "Property"), originally given by Lisa Earlene Ricard (a/k/a Lisa Ricard a/k/a Lisa E. Ricard) (the "Debtor") to Mortgage Electronic Registration Systems, Inc., as nominee for First Horizon Home Loan Corporation (the "Mortgage").  The Mortgage is dated February 28, 2005 and is recorded in Hillsborough County Registry of Deeds in Book 7416, Page 2744. Thereafter, the Mortgage was assigned to Secured Creditor. Select Portfolio Servicing, Inc. ("SPS") is the current servicer for this loan on behalf of Secured Creditor.

2.   The Mortgage secures(d) a promissory note given by the Debtor to First Horizon Home Loan Corporation in the original principal amount of $148,900.00 (the "Note").  Secured Creditor and/or its custodian and/or agent is, as of the date hereof, in possession of the Note.  Secured Creditor is an entity entitled to enforce the Note.

3.   The Debtor's Chapter 13 Petition was filed on July 18, 2025.

4.   The deadline for filing timely Proofs of Claim in this case was September 26, 2025.  Secured Creditor filed a timely Proof of Claim in this case on September 26, 2025 [Claim No. 7-1] setting forth a total debt of $163,346.93, inclusive of an arrearage amount evidencing an ongoing contractual payment delinquency from September 1, 2024 through and including June 1, 2025.[1]

5.   On or about November 14, 2025, the Debtor filed an Amended Chapter 13 Plan [Doc. No. 38].  The treatment of Secured Creditor's claim is largely unchanged in the Debtor's proposed Amended Plan from the Debtor's initial Plan filed on August 1, 2025 [Doc. No. 15].  Notably, Part 5 of the Debtor's Plan now proposes to pay $17,171.16 of Secured Creditor's pre-petition arrearage through the Plan and purports to provide for the maintenance of post-petition mortgage payments directly to Secured Creditor during the pendency of this Chapter 13 case (presumably in compliance with 11 U.S.C. § 1322(b)(5)).  Part 13 of the

---

[1] Such sums are consistent with those as of the June 17, 2025 foreclosure sale by auction held relative to the Property. *See infra.*  Had said foreclosure sale not occurred, at filing Secured Creditor's total debt claim would be $163,346.93, inclusive of pre-petition arrears totaling approximately $26,726.36.

proposed Plan, however, still suggests that the Debtor intends to sell the Property "as quickly as possible."

6.   Prior to the commencement of this Chapter 13 case, the Debtor (through counsel) filed a Verified Complaint Requesting Injunctive Relief in Hillsborough County Superior Court (Northern District) on July 16, 2025 (Case No. 216-2025-CV-00643) in an attempt to thwart Secured Creditor's efforts to memorialize a foreclosure of the Mortgage on record.  *See infra.*  (Copies of said Verified Complaint and an accompanying Affidavit of Mailing were also recorded in Hillsborough County Registry of Deeds in Book 9872, Page 9 and Book 9872, Page 19 respectively to create a so-called "cloud" on the Property's title.)   Upon information belief, that matter remains pending (and stayed) as a result of this pending Chapter 13 case.

7.   Prior to the Debtor's efforts in Superior Court and the commencement of these Chapter 13 proceedings, a foreclosure sale by public auction was held relative to the Property on June 17, 2025, at which time the Property was purchased by a third-party as the successful high bidder.  However, because of the Superior Court and Chapter 13 filings, said sale has not yet been formally closed, and accordingly, a foreclosure deed is not yet of public record.

8.   It has long been held that "Section 1322(c)(1) of the Bankruptcy Code allows a debtor to cure his or her default under a mortgage unless the property has been sold at a foreclosure sale which was conducted in accordance with applicable state law." In re Mellino, 333 B.R. 578 (Bankr. Mass. 2005), *citing* In re Crichlow, 322 B.R. 229, 234 (Bankr. Mass. 2004).  Furthermore, "numerous district courts and bankruptcy courts (including the bankruptcy courts for the districts of Massachusetts, Rhode Island, and Maine) agree that a 'straightforward reading' of the [relevant foreclosure] statute compels the conclusion that: (1) the phrase, 'sold at a foreclosure sale,' means 'the cut-off point is when the gavel comes down on the last bid at the foreclosure sale'; and (2) the phrase, 'that is conducted in accordance with applicable nonbankruptcy law,' qualifies 'foreclosure sale' and requires the sale to be carried out as provided for by nonbankruptcy law." In re Vertullo, 610 B.R. 399, 410-411 (B.A.P. 1st Cir. 2020), *citing* In re Crawford, 232 B.R. 92, 96 (Bankr. N.D. Ohio 1999).  *See generally* In re Beeman, 235 B. R. 519 (Bankr. N.H. 1999).  In New Hampshire, this "applicable state law" is R.S.A. § 479:25.

9.   The proposed Plan continues to omit any reference to and acknowledgment of said foreclosure, and consequently, is wholly devoid of any substantiation as to why the so-called "gavel rule" set forth above should be ignored in this case, so as to permit the Debtor to (re)sell the Property on her own. To the extent that the Debtor does intend to attempt to avoid the results of auction held on June 17, 2025, Secured Creditor maintains the validity of its actions, as performed in accordance with governing state law and Paragraph 22 of the Mortgage (the Statutory Power of Sale).

10. If the Debtor can appropriately treat Secured Creditor's claim in the proposed Amended Chapter 13 Plan (and avoid the underlying foreclosure)—which Secured Creditor asserts that it cannot—Secured Creditor maintains that the current Plan remains defective. As grounds, Secured Creditor states that as of the date of this Objection, the Debtor has not yet filed a Motion to Sell the Property.  Furthermore, while the Debtor's Plan implies that the Property is to be sold free and clear of all liens and encumbrances, there is no confirmation of record at this time that any proposed sale price will be more than the full payoff

amount due on Secured Creditor's claim. Currently, a third-party sale of the Property (and closing of same) by the Debtor is entirely speculative.

11.  Further, despite providing for an arrearage of $17,171.16 in Part 5, the Debtor's proposed Amended Chapter 13 Plan as filed fails to affirmatively (and unambiguously) indicate that the Debtor intends to make payment(s) towards the pre-petition arrears owed to Secured Creditor during this bankruptcy, specifically while a prospective third-party sale of the Property is pending. Secured Creditor asserts that the Debtor has no basis for proposing a Plan which fails to state that payments towards its pre-petition arrearage will be made.

12.  Additionally, while the proposed Plan does purport to provide for continued post-petition mortgage payments to be made as such payments come due pursuant to the terms of the Note and Mortgage at issue, it similarly remains unclear if the Debtor does in fact intend to affirmatively do so.  Secured Creditor maintains that to extent that the Debtor does not intend to provide for ongoing post-petition maintenance payments, the Debtor would be attempting to impermissibly modify Secured Creditor's contractual rights under 11 U.S.C.  § 1322(b).

13.  Lastly, the Debtor has the initial burden of demonstrating that the Plan has a reasonable likelihood of success. In re Fantasia, 211 B.R. 420 (1st Cir. BAP 1997).  *See also* 11 U.S.C. § 1325(a)(6) (providing that a debtor "be able to make all payments under the plan and to comply with the plan").  Secured Creditor maintains that the Debtor cannot satisfy this burden based on the terms of the Amended Chapter 13 Plan as currently proposed—notably, as a result of a speculative third-party sale that is contemplated as a means to address the considerable obligation owed to Secured Creditor and the lack of any contingency to address its claim in the event such efforts are unsuccessful; notably, this case was commenced nearly five (5) months ago, and there has been limited movement towards the consummation of a sale, which is of concern especially with the winter months approaching. (This also does not take in account the fact, of course, that the Debtor would also need to successfully avoid the results of the June 17, 2025 foreclosure sale prior to consummating such sale absent the assent of Secured Creditor.)

14.  Secured Creditor is filing this Objection to protect its continued interests in this case, as well as those tangential interests in the pending state court action commenced by the Debtor. Secured Creditor represents that despite filing this Objection to renew its assertions set forth in its filing of September 26, 2025 [Doc. No. 33] that it intends to continue to negotiate with the Debtor (through counsel) in good faith to resolve any and all disputes between the parties, as has been the case since this Chapter 13 Petition was filed.

WHEREFORE, Secured Creditor respectfully requests that the Court:

(1)     Withhold confirmation of the Debtor's Amended Chapter 13 Plan until the Debtor files a further Amended Plan which addresses this Objection; and/or

(2)     Grant such other relief as the Court deems just and proper.

Date:  December 1, 2025

Respectfully submitted,
U.S. Bank Trust National Association, not in
its individual capacity, but solely as trustee of
Citigroup Mortgage Loan Trust 2020-RP2
By its attorney,

/s/ Marcus E. Pratt
Marcus E. Pratt, Esquire
NH Bar #21206, BNH #07275
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
Tel: (978) 256-1500
bankruptcy@kordeassociates.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| In Re: | Case Number 25-10493-KB |
|---|---|
| Lisa Earlene Ricard | Chapter 13 |

**CERTIFICATE OF SERVICE**

I, Marcus E. Pratt, Attorney for **U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2020-RP2** hereby certify that on December 1, 2025, I electronically filed the foregoing *(Renewed) Objection to Debtor's Amended Chapter 13 Plan* with the United States Bankruptcy Court for the District of New Hampshire using the CM/ECF System. I served the foregoing documents on the following CM/ECF participants:

Office of the U.S. Trustee
Andrew M. Dudley, Trustee
Randall Baldwin Clark, Esquire

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non-CM/ECF participants:

Lisa Earlene Ricard
343 Charles Bancroft Highway
Litchfield, NH 03052

/s/ Marcus E. Pratt
Marcus E. Pratt, Esquire
NH Bar #21206, BNH #07275
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
Tel: (978) 256-1500
bankruptcy@kordeassociates.com

25-047851 / BK01