UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:
Lisa Earlene Ricard,                                      Bk. No. 25-10493-KB
Debtor                                                   Chapter 13

## DEBTOR'S MOTION FOR
## AUTHORIZATION TO SELL PERSONAL RESIDENCE

NOW COMES debtor Lisa Earlene Ricard, by her attorney, Randall Baldwin Clark, Attorney at Law, PLLC, to request authorization to sell her personal residence.

1.      Debtor has a fully executed Purchase and Sales Agreement to sell her personal residence for the sum of $390,000.00 to the buyers, Cassandra and Matthew Doucet.

2.      On August 20, 2025 Debtor filed an Application to Employ Teri and Jason Manning as real estate agents for the debtor.  Doc. No. 46.

3.      On September 4, 2025 this Court approved the employment of Teri and Jason Manning as real estate agents for the debtor and authorized them to charge a real estate commission of 3% of the Gross Sales Price.  Doc. No. 26.

4.      All contingencies affecting the Transfer of Title have been met.

5.      This is an arms-length transaction and Debtor has no connection to the buyer of the real estate.

6.      Debtor's several plans of reorganization propose the sale of Debtor's personal residence. The Court has ordered Debtor to file another amended plan on or before February 6, 2026.

7.      The closing is currently scheduled to occur on or before January 14, 2026, except that the Debtor must have authorization to sell the subject property from this Court.

8.      Pursuant to the sale of the property, the first mortgage and any Real Estate taxes encumbering the property will be paid in full.

9.      The remaining proceeds from the sale are the property of the Debtor pursuant to RSA §480:1, the New Hampshire Homestead Exemption.

10.     Teri and Jason Manning have completed their duties and have obtained the sum of $390,000.00 for the property.  They are now entitled to collect a Commission from the proceeds of the sale.

11.     The remaining proceeds from the sale should allow Debtor to complete her plan as soon as confirmation is achieved.

WHEREFORE, debtor Lisa Earlene Ricard respectfully requests that this Court:

A.    Grant Debtor Authorization to sell her Personal Residence;

B.    Authorize the payment of the Real Estate Broker's Commission in the sum of $13,200.00 to be paid at the time of the closing from the proceeds of the sale; and

C.    Do whatsoever else the Court think mete and just.

Respectfully submitted,
LISA EARLENE RICARD,
By her attorney,

Date:  December 22, 2025

*/s/ Randall B. Clark*
Randall B. Clark
Bar No. 07615

Randall Baldwin Clark, Atty at Law, PLLC
80A West Hollis Road
Hollis, N.H., 03049
rbc@randallbclark.com
603-801-3039

**PURCHASE AND SALES AGREEMENT**

**New Hampshire Association of REALTORS® Standard Form**



_____ ("EFFECTIVE DATE")
EFFECTIVE DATE is defined in Section 23 of this Agreement.

1. **THIS AGREEMENT** made this _____9th_____ day of _____December_____, ___2025___ between

Lisa Ricard
_____ ("SELLER") of 343 Charles Bancroft Highway

City/Town Litchfield _____, State NH _____ Zip 03052

and Cassandra Doucet and Mathew Doucet
_____ ("BUYER") of 36 Bartley Hill Road

City/Town Londonderry _____, State NH _____ Zip 03053

2. **WITNESSETH:** That SELLER agrees to sell and convey, and BUYER agrees to buy certain real estate situated in

City/Town of Litchfield _____ located at 343 Charles Bancroft Hwy _____

County _____ Book 7416 _____ Page 2742 _____ Date _____ ("PROPERTY").

3. The **SELLING PRICE** is three hundred ninety thousand _____ Dollars $390,000

A DEPOSIT in the form of check _____, is to be held in an escrow account by _____

La Brake Realty Group _____ ("ESCROW AGENT"). BUYER ☐ has delivered, or ☑ will deliver to the ESCROW

AGENT's FIRM within _3_ days of the EFFECTIVE DATE, a deposit of earnest money in the amount of

$ 10,000.00 _____. BUYER agrees that an additional deposit of earnest money in the amount of

$n/a _____ will be delivered on or before _____ n/a _____. If BUYER fails to deliver
the initial or additional deposit in compliance with the above terms, SELLER may terminate this Agreement. The
remainder of the purchase price shall be paid by wire, certified, cashier's or trust account check, in the amount of

$380,000.00 _____.

4. **DEED:** Marketable title shall be conveyed by a Warranty _____ deed, and shall be
free and clear of all encumbrances except usual public utilities serving the PROPERTY.

5. **TRANSFER OF TITLE:** On or before _____01/14/2026_____ at Cohen Closing Title _____

TBD _____ or some other place of mutual consent as agreed to in writing.

6. **POSSESSION:** Full possession and occupancy of the premises with all keys shall be given upon the transfer of title free
of all tenants and occupant's personal property and encumbrances except as herein stated. Said premises to be then in
the same condition in which they now are, reasonable wear and tear excepted. SELLER agrees that the premises will be
delivered to BUYER free of all debris and in "broom clean" condition. Exceptions: _____

_____

Buyer reserves the right to conduct a walk through inspection upon reasonable notice to SELLER's real estate FIRM
within_____hours prior to time of closing to ensure compliance with the terms of this Agreement.

7. **REPRESENTATION:** The undersigned SELLER(S) and BUYER(S) acknowledge the roles of the agents as follows:

Teri Manning _____ of LaBrake Realty Group
is a ☑ seller agent ☐ buyer agent ☐ facilitator ☐ disclosed dual agent*

Annemarie Yooung _____ of East Coast Group One Realty LLC
is a ☐ seller agent ☑ buyer agent ☐ facilitator ☐ disclosed dual agent*

*If agent(s) are acting as disclosed dual agents, SELLER and BUYER acknowledge prior receipt and signing of a Dual
Agency Informed Consent Agreement.

☐ NOTICE OF DESIGNATED AGENCY: If checked, notice is hereby given that BUYER is represented by a designated
buyer's agent and SELLER is represented by a designated seller's agent in the same firm.

8. **INSURANCE:** The buildings on said premises shall, until full performance of this Agreement, be kept insured against
fire, and other extended casualty risk by SELLER. In case of loss, all sums recoverable from said insurance shall be
paid or assigned, on transfer of title, to BUYER, unless the premises shall previously have been restored to their
former condition by SELLER; or, at the option of BUYER, this Agreement may be rescinded and the DEPOSIT refunded
if any such loss exceeds $5,000 _____

SELLER(S) INITIALS [LR 12/09/25 5:00 PM EST dotloop verified] / [_____] BUYER(S) INITIALS [CD 12/09/25 3:40 PM EST] / [MD 12/09/25 3:43 PM EST]

© 2025 NEW HAMPSHIRE ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED. FOR USE BY NHAR REALTOR® MEMBERS ONLY. ALL OTHER USE PROHIBITED 10.2025

dotloop signature verification: dtlp.us/vOQv-rpJp-dqLtE

**PURCHASE AND SALES AGREEMENT**

**New Hampshire Association of REALTORS® Standard Form**



9. **TITLE:** If upon examination of title it is found that the title is not marketable, SELLER shall have a reasonable time, not to exceed thirty (30) days from the date of notification of defect (unless otherwise agreed to in writing), to remedy such defect.  Should SELLER be unable to provide marketable title within said thirty (30) days, BUYER may rescind this Agreement at BUYER'S sole option, with full deposit being refunded to BUYER and all parties being released from any further obligations hereunder.  SELLER hereby agrees to make a good faith effort to correct the title defect within the thirty (30) day period above prescribed once notification of such defect is received.  The cost of examination of the title shall be borne by BUYER.

10. **PRORATIONS:** Taxes, condo fees, special assessments, rents, water and sewage bills shall be prorated as of time and date of closing. Buyer shall pay for all fuel remaining in tank(s) calculated as of the closing date or such earlier date as required to comply with lender requirements, if any. The amount owed shall be determined using the most recently available cash price of the  company that last delivered the fuel.

11. **PROPERTY INCLUDED:** All Fixtures  electric range, refrigerator, electric water heater, wood stove

12. In compliance with the requirements of RSA 477:4-a, the following information is provided to BUYER relative to Radon Gas, Arsenic and Lead Paint:

    **RADON**: Radon, the product of decay of radioactive materials in rock may be found in some areas of New  Hampshire.  Radon gas may pass into a structure through the ground or through water from a deep well.  Testing of the air by a professional certified in radon testing and testing of the water by an accredited laboratory can establish radon's presence and equipment is available to remove it from the air or water.

    **Arsenic:** Arsenic is a common groundwater contaminant in New Hampshire that occurs at unhealthy levels in well water in many areas of the state. Tests are available to determine whether arsenic is present at unsafe levels, and equipment is available to remove it from water. The buyer is encouraged to consult the New Hampshire department of environmental services private well testing recommendations (www.des.nh.gov) to ensure a safe water supply if the subject property is served by a private well.

    **LEAD:** Before 1978, paint containing lead may have been used in structures. Exposure to lead from the presence of flaking, chalking, chipping lead paint or lead paint dust from friction surfaces, or from the disturbance of intact surfaces containing lead paint through unsafe renovation, repair or painting practices, or from soils in close proximity to the building, can present a serious health hazard, especially to young children and pregnant women. Lead may also be present in drinking water as a result of lead in service lines, plumbing and fixtures. Tests are available to determine whether lead is present in paint or drinking water.

    **Disclosure Required**  ☑ YES   ☐ NO

    **PFAS: Poly - and perfluoroalkyl substances**: (PFAS) are found in products that are used in domestic, commercial, institutional and industrial settings.  These chemical compounds have been detected at levels that exceed federal and/or state advisories or standards in wells throughout New Hampshire, but are more frequently detected at elevated levels in southern New Hampshire.  Testing of the water by an accredited laboratory can measure PFAS levels and inform a buyer's decision regarding the need to install water treatment systems.

    **Flood:**  Properties in coastal areas and along waterways may be subject to increased risk of flooding over time.  A standard homeowners insurance policy typically does not cover flood damage.  The buyer is encouraged to determine whether separate flood insurance is required and consult the Federal Emergency Management Agency's flood maps (FEMA.GOV) in order to determine if the property is in a designated flood zone.

13. **Waterfront Property.**  Buyers of Waterfront Property may be required to obtain a septic evaluation prior to closing.  Buyers should perform due diligence on this issue.

14. **BUYER ACKNOWLEDGES PRIOR RECEIPT OF SELLER'S PROPERTY DISCLOSURE FORM AND SIGNIFIES**

    **BY INITIALING HERE:** _____ CD _____ / _____ MD _____
    12/09/25  12/09/25
    dotloop verified  dotloop verified

15. **INSPECTIONS:**  The BUYER is encouraged to seek information from licensed home inspectors and other professionals normally engaged in the business regarding any specific issue of concern.  SELLER'S real estate FIRM makes no warranties or representations regarding the condition, permitted use or value of the SELLER'S real or personal property.  This Agreement is contingent upon the following inspections, with results being satisfactory to the BUYER:

SELLER(S) INITIALS _____ LR _____ / _____        BUYER(S) INITIALS _____ CD _____ / _____ MD _____
12/09/25                                      12/09/25           12/09/25
5:06 PM EST                                   3:40 PM EST        3:43 PM EST
dotloop verified                              dotloop verified   dotloop verified

© 2025 NEW HAMPSHIRE ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED. FOR USE BY NHAR REALTOR® MEMBERS ONLY. ALL OTHER USE PROHIBITED. 10.2025

## PURCHASE AND SALES AGREEMENT
### New Hampshire Association of REALTORS® Standard Form



| TYPE OF INSPECTION: | YES | NO | RESULTS TO SELLER | TYPE OF INSPECTION: | YES | NO | RESULTS TO SELLER |
|---|---|---|---|---|---|---|---|
| a. General Building | ☑ | ☐ | within 7 days | f. Lead Paint | ☐ | ☑ | within ___ days |
| b. Sewage Disposal | ☐ | ☑ | within ___ days | g. Pests | ☐ | ☑ | within ___ days |
| c. Water Quality | ☐ | ☑ | within ___ days | h. Hazardous Waste | ☐ | ☑ | within ___ days |
| d. Radon Air Quality | ☐ | ☑ | within ___ days | i. _____ | ☐ | ☐ | within ___ days |
| e. Radon Water Quality | ☐ | ☑ | within ___ days | j. _____ | ☐ | ☐ | within ___ days |

**The use of days is intended to mean calendar days from the effective date of this Agreement. TIME IS OF THE ESSENCE** in the observance of all deadlines set forth within this Paragraph. All inspections will be done by licensed home inspectors or other professionals normally engaged in the business, to be chosen and paid for by BUYER. If BUYER does not notify SELLER in writing that the results of an inspection are unsatisfactory within the time period set forth above, the contingency is waived by BUYER. **If the results of any inspection specified herein reveal significant issues or defects, which were not previously disclosed to BUYER then:**

(a) BUYER shall have the option at BUYER'S sole discretion to terminate this Agreement and all deposits shall be returned to BUYER in accordance with NH RSA 331-A:13; or

(b) If BUYER elects to notify SELLER in writing of the unsatisfactory condition(s) then:

1) SELLER and BUYER can reach agreement in writing on the method of repair or remedy of the unsatisfactory condition(s); or
2) If SELLER elects not to repair or remedy the unsatisfactory conditions(s) the BUYER may release the home inspection contingency and accept the property as is; or
3) If SELLER and BUYER cannot reach agreement in writing with respect to the method of repair and remedy of the unsatisfactory condition(s), then this Agreement is terminated and all deposits shall be returned to BUYER in accordance with NH RSA 331-A:13.

Notification in writing of SELLER'S intent to repair or remedy or not to repair or remedy pursuant to Section (b) above, shall be delivered to BUYER or their licensee within five (5) days of receipt by SELLER of notification of unsatisfactory condition(s). BUYER shall respond in writing to SELLER'S notification within five (5) days. If BUYER does not respond within five (5) days, SELLER may elect to terminate this Agreement and all deposits shall be returned to BUYER in accordance with NH RSA 331-A:13.

> In the absence of inspection mentioned above, BUYER is relying upon BUYER'S own opinion as to the condition of the PROPERTY.
> **BUYER HEREBY ELECTS TO *WAIVE THE RIGHT* TO ALL INSPECTIONS AND SIGNIFIES BY INITIALING HERE:** [____] [____]

**16. DUE DILIGENCE:** This Agreement is contingent upon BUYER'S satisfactory review of the following:

| | YES | NO | | YES | NO |
|---|---|---|---|---|---|
| a. Restrictive Covenants of Record | ☑ | ☐ | d. Condominium documentation per N.H. RSA 356- B:58 | ☐ | ☑ |
| b. Easements of Record/Deed | ☑ | ☐ | e. Co-op/PUD/Association Documents | ☐ | ☑ |
| c. Park Rules and Regulations | ☐ | ☑ | f. Availability of Property/Casualty Insurance | ☐ | ☑ |
| | | | g. Availability and cost of Flood Insurance | ☐ | ☑ |

If such review is unsatisfactory, BUYER must notify SELLER in writing within __14__ days from the effective date of the Agreement failing which such contingency shall lapse. If BUYER so notifies SELLER, then all deposits shall be returned to BUYER in accordance with NH RSA 331-A:13.

**17. LIQUIDATED DAMAGES**: If BUYER shall default in the performance of their obligation under this Agreement, the amount of the deposit may, at the option of SELLER, become the property of SELLER as reasonable liquidated damages. In the event of any dispute relative to the deposit monies held in escrow, the **ESCROW AGENT** may, in its sole discretion, pay said deposit monies into the Clerk of Court of proper jurisdiction in an Action of Interpleader, providing each party with notice thereof at the address recited herein, and thereupon the **ESCROW AGENT** shall be discharged from its obligations as recited therein and each party to this Agreement shall thereafter hold the **ESCROW AGENT** harmless in such capacity. Both parties hereto agree that the **ESCROW AGENT** may deduct the cost of bringing such Interpleader action from the deposit monies held in escrow prior to the forwarding of same to the Clerk of such court

SELLER(S) INITIALS [ LR ] [____]        BUYER(S) INITIALS [ CD ] [ MD ]

© 2025 NEW HAMPSHIRE ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED. FOR USE BY NHAR REALTOR® MEMBERS ONLY. ALL OTHER USE PROHIBITED

**PURCHASE AND SALES AGREEMENT**
**New Hampshire Association of REALTORS® Standard Form**



**18. PRIOR STATEMENTS**: Any verbal representation, statements and agreements are not valid unless contained herein. This Agreement completely expresses the obligations of the parties.

**19. FINANCING**: This Agreement (☑ is) (☐ is not) contingent upon BUYER obtaining financing under the following terms: AMOUNT 290,000.00 TERM/YEARS 30 RATE Fixed MORTGAGE TYPE Conventional

$100,000 cash

For the purposes of this Agreement, financing is to be demonstrated by a conditional loan commitment letter, which states that BUYER is creditworthy, has been approved and that the lender shall make the loan in a timely manner at the Closing on specified customary conditions for a loan of the type specified above. BUYER is responsible to resolve all conditions included in the loan commitment by the Closing date.

The existence of conditions in the loan commitment will not extend either the Financing Deadline described below or the closing date.

BUYER hereby authorizes, directs and instructs its lender to communicate the status of BUYER'S financing and the satisfaction of lender's specified conditions to SELLER and SELLER'S/BUYER'S real estate FIRM.

TIME IS OF THE ESSENCE in the observance of all deadlines set forth within this financing contingency. BUYER agrees to act diligently and in good faith in obtaining such financing and shall, within 10 calendar days from the effective date, submit a complete and accurate application for mortgage financing to at least one financial institution currently providing such loans, requesting financing in the amount and on the terms provided in this Agreement.

If BUYER provides written evidence of inability to obtain financing to SELLER by _____12/17/2025_____ ("Financing Deadline"), then:

  (a) This Agreement shall be null and void; and

  (b) All deposits will be returned to BUYER in accordance with the procedures required by the New Hampshire Real Estate Practice Act (N.H. RSA 331-A:13) ("the Deposit Procedures"); and

  (c) The premises may be returned to the market.

BUYER may choose to waive this financing contingency by notifying SELLER in writing by the Financing Deadline and this Agreement shall no longer be subject to financing.

  If, however:

  (a) BUYER does not make application within the number of days specified above; or

  (b) BUYER fails to provide written financing commitment or written evidence of inability to obtain financing to SELLER by the Financing Deadline,

Then SELLER shall have the option of either:

  (a) Declaring BUYER in default of this Agreement; or

  (b) Treating the financing contingency as having been waived by BUYER.

If SELLER declares BUYER in default, in addition to the other remedies afforded under this Agreement:

  (a) SELLER will be entitled to all deposits in accordance with the Deposit Procedures; and

  (b) This Agreement will be terminated; and

  (c) The premises may be returned to the market for sale.

**PURCHASE AND SALES AGREEMENT**
**New Hampshire Association of REALTORS® Standard Form**



If SELLER opts to treat the financing contingency as waived or relies on a conditional loan commitment and BUYER subsequently does not close in a timely manner, SELLER can then declare BUYER in default. SELLER then, in addition to the other remedies afforded under this Agreement:

(a) Will be entitled to all deposits in accordance with the Deposit Procedures; and

(b) This Agreement will be terminated; and

(c) The premises may be returned to the market for sale.

BUYER shall be solely responsible to provide SELLER in a timely manner with written evidence of financing or lack of financing as described above.

> **WIRE FRAUD ALERT.** Sophisticated criminals are targeting the email accounts of real estate agents, title companies, settlement attorneys and others to generate fake wire transfer instructions designed to divert closing funds to the criminals. The emails are professionally created and look real. Buyer and Seller should not send personal information such as social security numbers, bank account numbers or credit card numbers except through secure email or personal delivery of the information. **Buyer and Seller are advised not to wire any funds without personally speaking with the intended recipient of the wire to confirm the routing number and the account number.** Seller _____ _____ | _____ Buyer | 12/09/25 3:40 PM EST dotloop verified | 12/09/25 3:43 PM EST dotloop verified | _____

**20. ADDITIONAL PROVISIONS**:

> The buyers are requesting an inspection primarily for informational purposes and to identify any major issues. They understand this is an older home and have already factored anticipated updates and repairs into their offer. The inspection is intended strictly for information unless a significant or major issue is discovered. Inspection will be scheduled for the next day or so after executed contract and completed by the weekend.
>
> Sellers to send over septic inspection for review

**CONCESSIONS**:

**PROFESSIONAL FEE:**

> Buyers agree to pay the buyer's agent a commission of 2%

**21. ADDENDA ATTACHED:** ☐ Yes ☑ No _____

SELLER(S) INITIALS | LR 12/09/25 5:06 PM EST dotloop verified | _____     BUYER(S) INITIALS | 12/09/25 dotloop verified | 12/09/25 dotloop verified

© 2025 NEW HAMPSHIRE ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED. FOR USE BY NHAR REALTOR® MEMBERS ONLY. ALL OTHER USE PROHIBITED. 10.2025

## PURCHASE AND SALES AGREEMENT
### New Hampshire Association of REALTORS® Standard Form



**22. CHOICE OF LAW AND VENUE:** The parties irrevocably agree that any dispute arising out of or related to this Agreement or the transaction contemplated thereby shall be determined in accordance with the laws of the state of New Hampshire, regardless of any choice of law analysis, and that the exclusive venue for such disputes shall be the federal or state courts in New Hampshire.

**23. EFFECTIVE DATE/NOTICE:** Any notice, communication or document delivery requirements in this agreement may be satisfied by providing the required notice, communication or documentation to the party or their licensee. All notices and communications must be in writing to be binding except for withdrawals of offers or counteroffers. This Agreement is a binding contract when signed and all changes initialed by both BUYER and SELLER and when that fact has been communicated in writing which shall be the EFFECTIVE DATE. Licensee is authorized to fill in the EFFECTIVE DATE on Page 1 hereof. The use of days is intended to mean calendar days from the EFFECTIVE DATE of this Agreement. Deadlines in this Agreement, including all addenda, expressed as "within x days" shall be counted from the EFFECTIVE DATE, unless another starting date is expressly set forth, beginning with the first day after the EFFECTIVE DATE, or such other established starting date, and ending at 12:00 midnight Eastern Time on the last day counted. Unless expressly stated to the contrary, deadlines in this Agreement, including all addenda, expressed as a specific date shall end at 12:00 midnight Eastern Time on such date.

**Each party is to receive a fully executed copy of this Agreement.** This Agreement shall be binding upon the heirs, executors, administrators and assigns of both parties.

**PRIOR TO EXECUTION, IF NOT FULLY UNDERSTOOD, PARTIES ARE ADVISED TO CONTACT AN ATTORNEY.**

| *Cassandra Doucet* | dotloop verified 12/09/25 3:40 PM EST J96F-M3GM-DFSN-ROL2 | *Mathew Doucet* | dotloop verified 12/09/25 3:43 PM EST WIXF-EVZZ-TNUD-3E8Y |
|---|---|---|---|
| BUYER | DATE/TIME | BUYER | DATE/TIME |

| 36 Bartley Hill Road | | 36 Bartley Hill Road | |
|---|---|---|---|
| MAILING ADDRESS | | MAILING ADDRESS | |

| Londonderry, NH 03053 | | | Londonderry, NH 03053 | | |
|---|---|---|---|---|---|
| CITY | STATE | ZIP | CITY | STATE | ZIP |

SELLER accepts the offer and agrees to deliver the above-described PROPERTY at the price and upon the terms and conditions set forth.

| *Lisa Ricard* | dotloop verified 12/09/25 5:06 PM EST LBO4-KHIY-A99C-YOB2 | | |
|---|---|---|---|
| SELLER | DATE/TIME | SELLER | DATE/TIME |

| 343 Charles Bancroft Highway | | |
|---|---|---|
| MAILING ADDRESS | | MAILING ADDRESS |

| CITY | STATE | ZIP | CITY | STATE | ZIP |
|---|---|---|---|---|---|

SELLER(S) INITIALS | *LR* 12/09/25 5:06 PM EST dotloop verified |

BUYER(S) INITIALS | *CD* 12/09/25 dotloop verified | *MD* 12/09/25 3:43 PM EST dotloop verified |

© 2025 NEW HAMPSHIRE ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED. FOR USE BY NHAR REALTOR® MEMBERS ONLY. ALL OTHER USE PROHIBITED.